# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAR 18 A 8 30

CLERK___CAdams___
SO. DIST. OF GA.

THOMAS K. ROGERS,                  )
                                   )
          Petitioner,              )
                                   )
          v.                       )        CV 311-001
                                   )
SUPERIOR COURT OF LAURENS          )
COUNTY, GEORGIA and ATTORNEY       )
GENERAL OF THE STATE OF            )
GEORGIA,[1]                        )
                                   )
          Respondents.             )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254.[2]  The

---

[1]As Petitioner includes the Attorney General of the State of Georgia in the caption of his petition, the **CLERK** is **DIRECTED** to modify the docket to include the Attorney General of Georgia as a Respondent in this case, in accordance with the caption of this Report and Recommendation.

[2]Petitioner submitted nearly identical initial filings in this case and another case in this Court, Case No. CV 311-002.  The initial filings in both cases are styled as "Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment." (Doc. no. 1, p. 1.)  Both initial filings are accompanied by over 100 pages of attachments, many of which are duplicative.  Notably, however, certain of these attachments appear to be separate complaints against various individuals that Petitioner seeks to file pursuant to 42 U.S.C. § 1983. (See, e.g., doc. no. 1-1.)

Accordingly, the Court construes the initial filing in this case as a petition for a writ of habeas corpus filed pursuant to § 2254.  In contrast, the Court construes the initial filing in Case No. CV 311-002 as an attempt to file a complaint under § 1983, which the Court has addressed in a simultaneously filed Order.

**Petitioner is instructed that, in the future, when filing any documents related to his § 2254 habeas case, he should caption such documents as "CV 311-001."  When filing any documents related to his § 1983 case, Petitioner should caption those documents as "CV 311-002."**

petition[3] is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[4] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to § 2254 be **DISMISSED**, that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2), and that this civil action be **CLOSED**.

## I.   BACKGROUND

On January 28, 2002, following Petitioner's guilty plea, the Laurens County Superior Court issued a final disposition in which Petitioner was found guilty of, *inter alia*, driving under the influence ("DUI") after having been classified as a habitual DUI violator.[5] (See doc. no. 1, p. 1; doc. no. 1-5, p. 15.) Petitioner received a sentence of "1 year county jail

---

[3]Because the Court has construed the initial filing in this case as a petition, the **CLERK** is **DIRECTED** to change the designation of that filing (doc. no. 1) on the docket from "complaint" to "petition."

[4]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[5]The other offenses to which Petitioner pled guilty appear to have included providing a false name to a police officer, driving with expired tags, driving with an open container of alcohol, and "improper tag decal." (See doc. no. 1-5, p. 15.) However, with regard to this conviction, Petitioner's claims focus on the DUI as a habitual violator offense; these other offenses appear only in the copy of the final disposition attached to the petition and are not mentioned in the petition itself. (Id.)

[and] 5 years probation." (Doc. no. 2, p. 1.) On April 25, 2002, the Laurens County Superior Court issued a final disposition in a separate case, in which Petitioner also pled guilty, finding Petitioner guilty on a felony escape charge and sentencing Petitioner to a three-year sentence to be served on probation and to run concurrent with any existing sentence. (Doc. no. 2, p. 1; doc. no. 1-5, p. 16.) Petitioner did not file a direct appeal in either of these cases. However, in May of 2010, Petitioner filed an application for post-conviction relief in the Laurens County Superior Court, raising claims based on alleged violations of his right to counsel and right to effective assistance of counsel. (Doc. no. 1, pp. 2-3.) This application for post-conviction relief appears to have been denied in October of 2010; Petitioner did not file an appeal of the denial of his application for post-conviction relief. (Id.; doc. no. 1-4, p. 16.)

The instant federal petition was filed by the Clerk of Court on January 5, 2011, and sets forth the following grounds on which Petitioner claims to be entitled to relief:

(1)      that Petitioner was held for over 10 months without being appointed counsel, despite having submitted a request for counsel, and that he was then sentenced based on an "unlawful" driving record;

(2)      that Petitioner pled guilty on the condition that his DUI charge would be changed to reckless driving, yet he was convicted of a felony DUI and sentenced accordingly;

(3)      that Petitioner's DUI conviction and sentence in Laurens County was enhanced based on a previous DUI conviction in Candler County, with regard to which Petitioner had been sentenced without counsel, and that the Candler County DUI conviction had been enhanced based on a prior Wheeler County DUI conviction, with regard to which Petitioner had also been sentenced without counsel; and

(4)      that Petitioner's allegedly improper DUI conviction and sentence in the Laurens County Superior Court caused Petitioner to violate the terms of his probation received in conjunction a separate DUI conviction in the Laurens

3

County Probate Court, which purportedly resulted in an improper sentence of jail time.

(See doc. no. 1, pp. 4-5.) For relief, Petitioner asks the Court to reverse his convictions, including all of the prior "uncounseled" DUI convictions that led to his enhanced sentence by making him a habitual DUI violator. (Id. at 6.) Additionally, Petitioner asserts that as a result of his Laurens County convictions, a detainer has been lodged against him in Florida; Petitioner asks the Court to order that this detainer be removed.[6] (See id.)

## II.    DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6]Because of its determination that the instant petition is untimely, the Court will not reach the merits of Petitioner's claims. However, it is notable that, in light of the nature of the instant petition, Petitioner's claim regarding the detainer that has been lodged against him is not cognizable under § 2254. Claims regarding detainers cannot give rise to habeas relief where, as here, there is no allegation that the imposition of the detainer itself – rather than the underlying conviction – has resulted in Petitioner being "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Lara v. Johnson, 141 F.3d 239, 242 (5th Cir. 1998) (noting that a claim that a detainer is in violation of the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, may be cognizable under § 2254 under certain circumstances). Additionally, because Petitioner challenges the convictions underlying the detainer rather than the detainer itself, the timing of the imposition of the detainer does not affect the Court's analysis of the timeliness of the instant petition.

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## A. Finality of Petitioner's Conviction

As Petitioner has provided no reason to conclude that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file an appeal, his convictions became "final" when the thirty (30) day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). As Petitioner's conviction and sentence for his DUI and other lesser charges were rendered on January 28, 2002, and his conviction and sentence for escape were rendered on April 25, 2002, his respective convictions became final thirty days after these dates. The finality of these convictions triggered the one-year statute of limitations for each conviction. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's DUI conviction became final, at the latest, in March of 2002 and his escape conviction became final in May of 2002.

**B.      Application of the Statute of Limitations**

As noted above, under the AEDPA, Petitioner had one year from March of 2002 to file his federal habeas corpus petition challenging his DUI conviction and one year from May of 2002 to file his federal habeas corpus petition challenging his escape conviction. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited approximately eight years following his convictions before seeking post-conviction relief in state court in May of 2010. Therefore, by the time Petitioner filed his state habeas corpus petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due

6

diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).

Here, Petitioner states in a conclusory fashion in one of his many attachments that his claims are based on newly discovered evidence. (See doc. no. 1-1, p. 3; doc. no. 1-2, pp. 6-7.) However, the only "newly discovered evidence" referenced is a copy of Petitioner's driving record obtained on June 7, 2007 and unspecified "court documents" retrieved in June of 2009. Petitioner does not explain how these documents support his claims – rather, he has simply attached his driving record with his handwritten annotations about the offenses listed. (See doc. no. 1-5, pp. 58-61.) Furthermore, the information in his driving record was readily available and could have been obtained earlier through the exercise of due diligence. Accordingly, the Court finds that Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

## C. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner is not entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.

2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition that satisfies the "extraordinary circumstances" threshold described above. Petitioner states in one of the attachments to his petition that he used to be illiterate and has now learned to read, write, and study law. (Doc. no. 1-2, p. 2.) However, difficulties with language such as those allegedly experienced by Petitioner do not amount to the type of "extraordinary circumstances" a petitioner must show to receive the benefit of equitable tolling. See United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (rejecting argument that habeas limitation period should be tolled because of petitioner's "difficulties with the English language"); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (finding that illiteracy during the applicable filing period does not merit equitable tolling). Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see

8

also <u>Wyzykowski v. Dep't of Corr.</u>, 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" <u>Id.</u> (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998)). Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. As noted above, Petitioner references certain "newly discovered evidence," but does not explain how that evidence supports any of his claims. <u>See</u> <u>supra</u> Part II.B. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, the Court finds that: (1) the above-captioned petition was filed more than one year after Petitioner's convictions became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence. Therefore, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to § 2254 be **DISMISSED**, that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2.), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE